UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| ELLEN R. BROWN, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1:13-CV-34 RLM |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant | ) | |

OPINION and ORDER

This cause is before the court on Ellen Brown's motion for attorney's fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412, following the court's entry of final judgment remanding the case to the Commissioner of Social Security for further proceedings. Ms. Brown requests an award of fees in the amount of $7,461.36; the Commissioner hasn't opposed her request.

The EAJA permits recovery of attorney fees based on "prevailing market rates," but not in excess of $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Ms. Brown requests fees for her attorney at the rate of $185.40 per hour for work performed in 2013 and $186.89 per hour for work performed in 2014. She also requests fees at the rate of $100.00 per hour for work done by counsel's law clerk. Ms. Brown maintains an hourly fee greater than $125.00 for

counsel is warranted based on inflation and the limited availability of qualified attorneys to litigate Social Security disability cases without a COLA, Mot., at 4, as evidenced by affidavits of two attorneys who handle Social Security cases in the Seventh Circuit and report that while they do not have non-contingent hourly-rates for social security work in federal courts, their non-contingent hourly rate for work comparable to social security appeals (such as insurance or other benefit-related work) ranges from $275 to $500 per hour. *See* Mot., at 4 & Exh. D. Ms. Brown notes, too, that the cost of doing business for her attorney has risen dramatically since 1996, *i.e.*, rent, wages, employer-sponsored health insurance, and research tools, warranting a cost-of-living adjustment.

In accordance with Section 204(d) of the Act, Ms. Brown has submitted an itemized statement from her attorney showing "the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Counsel explains that her hourly rates for work performed in 2013 and 2014 are based on "the cost of living adjustments allowed by statute when employing the 'All items' figure provided by the Midwest Consumer Price Index," which is attached to the motion. Mot., at 3-4 & Exh. A.

The court finds that "given the passage of time since the establishment of the hourly rate, a cost-of-living adjustment is warranted," and counsel's use of the Consumer Price Index to calculate an appropriate inflation adjustment is reasonable. Tchemkou v. Mukasey, 517 F.3d 506, 512 (7th Cir. 2008); *see also*

Williams v. Astrue, No. 11 C 2053, 2013 WL 250795, at *2 (N.D. Ill. Jan. 23, 2013) ("Courts in this district have allowed claimants to use the Consumer Price Index to adjust hourly attorneys' rates to account for cost of living increases in EAJA cases."). Counsel's claim for work done by her law clerk is also reasonable and comparable to those awarded in similar cases. *See, e.g.*, Chorak v. Astrue, No. 2:11cv114, 2012 WL 1577448 at *2-*3 (N.D. Ind. May 4, 2012) (approving $125 per hour for law clerk and $100 per hour for paralegal); Johnson v. McMahon, No. 05-C-129, 2007 WL 5614102, at *7 (W.D. Wis., Feb. 13, 2007) (approving $100 per hour for paralegal services); Barrientos v. Barnhart, No. 00-C-7407, 2003 WL 1381126, at *2 (N.D. Ill. May 7, 2004) (same). As noted above, the Commissioner hasn't challenged or objected to the hourly rates charged or the amount of fees requested by Ms. Brown.

Based on the foregoing, the court GRANTS Ms. Brown's motion for an award of fees under the Equal Access to Justice Act [docket # 30]. Pursuant to 28 U.S.C. § 2412(d), the court finds that Ms. Brown is entitled to an award of fees in the amount of $7,461.36.

SO ORDERED

ENTERED:  February 5, 2015

/s/ Robert L. Miller, Jr.
Judge, United States District Court